■ In the Matter of ANDREW BATES, Appellant, v RECORDS ACCESS OFFICER et al., Respondents. [638 NYS2d 353] —Appeal by the petitioner from a judgment of the Supreme Court, Orange County (Leavitt, J.), dated August 30, 1994.

Ordered that the judgment is affirmed, without costs or disbursements, for reasons stated by Justice Leavitt at the Supreme Court. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.

■ In the Matter of MARSHA C., Respondent, v LATOYA D., Appellant. [638 NYS2d 129] —In a family offense proceeding pursuant to Family Court Act article 8, Latoya D. appeals from an order of protection of the Family Court, Westchester County (Bellantoni, J.), entered May 18, 1995, which directed her not to harass, assault, attempt to assault, threaten, or menace Marsha C. or destroy or damage any property.

Ordered that the order is affirmed, without costs or disbursements.

On March 5, 1995, the petitioner mother Marsha C. and her daughter Latoya D., the appellant, who was then 15 years old, had an argument which escalated into a fight, during which Latoya threatened her mother with a razor and a knife. After the fight Marsha filed a petition alleging that Latoya had committed a family offense pursuant to Family Court Act article 8. After a fact-finding hearing the court found that Latoya had committed a family offense and issued an order of protection against Latoya for her mother.

The testimony given at the fact-finding hearing proved, by a preponderance of the evidence (see, Family Ct Act § 832) that Latoya intended, at a minimum, to alarm Marsha and threatened to strike her with a knife (see, Penal Law § 240.26 [harassment in the second degree]). These acts constitute the crime of harassment, and therefore the trial court not only had jurisdiction but established the elements of a predicate offense, as defined under Family Court Act § 800 et. seq., so as to warrant, by a preponderance of the evidence, a determination that the appellant had committed a "family offense".

The appellant's remaining contentions are without merit. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.