■ In the Matter of DONNA PEARLMAN, Respondent, v HENRY PEARLMAN, Appellant. [911 NYS2d 87]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals (1) from an order of fact-finding and disposition of the Family Court, Westchester County (Capeci, J.), dated June 24, 2009, which, after fact-finding and dispositional hearings, found that he had committed the family offense of disorderly conduct, and directed the issuance of an order of protection in favor of the petitioner and against him based upon a finding of aggravating circumstances, (2) from an order of protection of the same court dated June 17, 2009, which, inter alia, directed him to stay away from, and refrain from communicating with, the petitioner and the parties' child

for a period up to and including June 17, 2014, and to refrain from assaulting, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, intimidation, criminal mischief, threats or any criminal offense against the petitioner, and (3), as limited by his brief, from so much of an order of the same court, also dated June 17, 2009, as denied his motion for a mistrial.

Ordered that the appeal from the second order dated June 17, 2009, is dismissed, without costs or disbursements, as that order was superseded by the order of fact-finding and disposition dated June 24, 2009; and it is further,

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

"A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Nelson-Waller v Waller*, 60 AD3d 1068 [2009]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010] [internal quotation marks omitted]; *see Matter of Nusbaum v Nusbaum*, 59 AD3d 725 [2009]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]), and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal (*see Matter of Topper v Topper*, 271 AD2d 613 [2000]; *Matter of Hallissey v Hallissey*, 261 AD2d 544 [1999]; *Matter of Dendy v Bonelli*, 260 AD2d 633 [1999]).

Here, the evidence adduced at the fact-finding hearing proved by the requisite preponderance of the evidence that the appellant committed acts constituting disorderly conduct (*see* Family Ct Act § 812 [1]; Penal Law § 240.20 [2], [3]; *Matter of Medranda v Mondelli*, 74 AD3d 972 [2010]).

We agree with the appellant that the Family Court erred in admitting evidence at the dispositional hearing concerning an incident that was not "relatively contemporaneous" (*Matter of Ann P. v Nicholas C.P.*, 44 AD3d 776, 777 [2007] [internal quotation marks omitted]; *see Matter of Thomas v Thomas*, 32 AD3d 521 [2006]; *Swersky v Swersky*, 299 AD2d 540, 541 [2002]). However, its finding of aggravating circumstances was based on numerous other factors, including its own observation of the appellant's "wildly erratic and inappropriate behavior and affect in the courtroom," that were sufficient to support the finding, even without the incident of domestic violence that occurred three or five years prior to the filing of the family offense petition (*see* Family Ct Act § 827 [a] [vii]).

There is no merit to the appellant's argument that he was

subjected to double jeopardy because the petitioner filed a criminal complaint regarding an alleged violation of the temporary order of protection issued by the Family Court, and was then permitted to testify about the alleged violation during the dispositional hearing. While double jeopardy concerns may come into play where a person allegedly wilfully violates an order of protection, those considerations are not relevant "where, as here, the petitioner is merely seeking an order of protection, a remedy which is not punitive and does not involve, at this stage, incarceration" (*Matter of Alfeo v Alfeo*, 306 AD2d 471, 472 [2003]; *see Matter of Gowrie v Squires*, 71 AD3d 1023, 1024-1025 [2010]).

Contrary to the appellant's contention, the Family Court properly permitted the petitioner to testify, during the dispositional hearing, regarding incidents that had been alleged in violation petitions not then before the court. "A broader standard of admissibility of evidence is available on the dispositional hearing than at the fact-finding hearing, and evidence may be admitted as long as it is 'material and relevant' (Family Ct Act § 834), including hearsay and other evidence otherwise incompetent" (*Matter of V.C. v H.C.*, 257 AD2d 27, 32 [1999]).

The appellant's remaining contentions are without merit or have been rendered academic by an order of the Family Court, Rockland County, dated January 26, 2010, which granted him visitation with the parties' son. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.