*755 A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Pearlman v Pearlman, 78 AD3d 711, 712 [2010]). “The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record” (Matter of Richardson v Richardson, 80 AD3d 32, 43-44 [2010]; see Matter of King v Edwards, 92 AD3d 783 [2012]).
Here, a fair preponderance of the credible evidence supports the Family Court’s determination that the husband committed the family offense of harassment in the second degree when, on March 7, 2011, he made a telephone call to the wife and threatened to kill her and send her in a box or coffin to her parents (see Penal Law § 240.26 [1]; Family Ct Act § 812; Matter of Williams v Maise, 85 AD3d 933 [2011]; Matter of Marsha C. v Latoya D., 224 AD2d 522 [1996]).
However, the Family Court improperly found that the husband committed the family offense of harassment in the second degree with respect to an incident that occurred in February 2011, since that incident was not charged in the petition (see Matter of Czop v Czop, 21 AD3d 958, 959 [2005]; Matter of Cavanaugh v Madden, 298 AD2d 390, 392 [2002]; Matter of Whittemore v Lloyd, 266 AD2d 305 [1999]).
The parties’ remaining contentions are without merit. Balkin, J.P, Hall, Lott and Cohen, JJ., concur.