■ In the Matter of EMILY KANTERAKIS, Respondent, v NIKOLAOS E. KANTERAKIS, Appellant. [957 NYS2d 890]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Nassau County (Singer, J.), dated July 22, 2011, which, after a hearing, and upon a finding, in effect, that he had

committed the family offenses of harassment in the second degree and aggravated harassment in the second degree, directed him, inter alia, to stay away from the petitioner for a period up to and including January 21, 2013.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Pearlman v Pearlman*, 78 AD3d at 712 [internal quotation marks omitted]). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (*see Matter of Salazar v Melendez*, 97 AD3d 754 [2012], *lv denied* 20 NY3d 852 [2012]; *Matter of Pearlman v Pearlman*, 78 AD3d at 712; *Matter of Topper v Topper*, 271 AD2d 613 [2000]).

Here, a preponderance of the credible evidence supports the Family Court's determination, after a hearing, that, in effect, the appellant had committed the family offenses of aggravated harassment in the second degree and harassment in the second degree (*see Matter of Salazar v Melendez*, 97 AD3d 754 [2012]; *Matter of Opray v Fitzharris*, 84 AD3d 1092 [2011]).

The appellant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.