In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Gruebel, J.), dated January 9, 2012, which, after a hearing, found that she had committed the family offenses of harassment in the second degree and menacing in the third degree and directed her to comply with the conditions set forth in an order of protection of the same court, also dated January 9, 2012.
Ordered that the order of fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that the mother committed the family offense of menacing in the third degree; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements.
The mother’s voluntary appearance in court with respect to the family offense petition and failure to raise any objection to the manner of service of the petition, as well as her active participation at the fact-finding hearing, defeats her current claim that the Family Court did not obtain personal jurisdiction over her because she was not served with notice of the father’s petition (see Family Ct Act § 167; Matter of Wood v Brown, 26 AD3d 390 [2006]).
The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26 [3]; Matter of Clarke v Clarke, 8 AD3d 375 [2004]; Matter of DeNobile v Tenaglia, 299 AD2d 409 [2002]). However, there was insufficient evidence that the mother committed the family offense of *724 menacing in the third degree (see Penal Law § 120.15; Matter of Brooklyn B., 77 AD3d 934, 935 [2010]; Matter of Ashley C., 59 AD3d 715, 715-716 [2009]; Matter of Davonte B., 44 AD3d 763, 764 [2007]). Nevertheless, under the particular circumstances of this case, we conclude that the duration of the order of protection should not change.
The mother’s remaining contention is not properly before this Court. Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.