In a family offense proceeding pursuant to Family Court Act article 8, LeFaul Gammons appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated January 10, 2012, which, after a hearing, and upon a finding that he *754 committed certain family offenses within the meaning of Family Court Act § 812, directed him, inter alia, to stay away from the petitioner until and including December 12, 2014.
Ordered that the order of protection is affirmed, without costs or disbursements.
The appellant contends that the Family Court erred in denying his request for an adjournment and that the Family Court thereby denied him of a fair trial. “An application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion” (Nieves v Tomonska, 306 AD2d 332 [2003]). Contrary to the appellant’s contention, the Family Court, which had previously granted an application of the appellant for an adjournment and, in fact, had given the parties approximately four additional months to prepare for a hearing, did not improvidently exercise its discretion in denying the request for an adjournment made by the appellant on the date set for the hearing (see Matter of Anthony M., 63 NY2d 270, 283 [1984]; Atwater v Mace, 39 AD3d 573 [2007]; Matter of Steven B., 24 AD3d 384, 385 [2005]).
The appellant further contends that the Family Court erred in crediting the testimony against him and in granting the order of protection. The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Clarke-Golding v Golding, 101 AD3d 1117 [2012]; see Matter of Kaur v Singh, 73 AD3d 1178 [2010]; Matter of Luke v Luke, 72 AD3d 689 [2010]; Matter of Creighton v Whitmore, 71 AD3d 1141, 1141 [2010]). Here, the Family Court was presented with conflicting testimony as to whether the appellant committed the family offenses at issue. The Family Court’s determination that the appellant had committed the family offenses was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Luke v Luke, 72 AD3d at 689).
Accordingly, we decline to disturb the Family Court’s determination.
Balkin, J.E, Leventhal, Roman and Hinds-Radix, JJ., concur.