■ In the Matter of ALBERTO BAZANTE, Respondent, v ANNABEL BAZANTE, Appellant. [966 NYS2d 483]—

In a family offense proceeding pursuant to Family Court Act article 8, the former wife appeals from an order of protection of the Family Court, Nassau County (Aaron, J.), dated August 31, 2012, which, after a hearing, and upon a finding that she committed the family offense of harassment in the second degree, directed her, inter alia, to stay away from the former husband for a period up to and including August 30, 2013.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; *Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2012]; *Matter of Vankeuren v Craft*, 39 AD3d 763 [2007]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see *Matter of Winfield v Gammons*, 105 AD3d 753 [2013]; *Matter of Jackson v Idlett*, 103 AD3d 723 [2013]; *Matter of Fleming v Fleming*, 52 AD3d 600, 601 [2008]; *Matter of Robbins v Robbins*, 48 AD3d 822 [2008]). Here, contrary to the former wife's contentions, the Family Court's determination that she committed the family offense of harassment in the second degree, which was based upon its as-

sessment of the credibility of the parties, is supported by the record (*see* Penal Law § 240.26 [3]; *Matter of Winfield v Gammons,* 105 AD3d 753 [2013]), and warranted the issuance of the order of protection (*see Matter of Robbins v Robbins,* 48 AD3d at 822). Eng, P.J., Rivera, Lott and Cohen, JJ., concur.