In a family offense proceeding pursuant to Family Court Act article 8, Adam Maiorino, Jr., appeals (1), as limited by his brief, from so much of an order of fact-finding of the Family Court, Kings County (Hepner, J.), dated February 21, 2012, as, after a fact-finding hearing, found that he committed the family offenses of attempted assault in the third degree, harassment in the second degree (two offenses), menacing in the third degree, and disorderly conduct, and (2) from an order of protection of the same court dated May 22, 2012, which, after a dispositional hearing, inter alia, directed him to refrain from assaulting, stalking, or harassing the petitioner.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order of fact-finding as found that Adam Maiorino, Jr., committed the family offenses of attempted assault in the third degree, harassment in the second degree (two offenses), menacing in the third degree, and disorderly conduct is deemed to be an application for leave to appeal from that portion of the order of fact-finding, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,
Ordered that the order of fact-finding is modified, on the facts, by deleting the provision thereof finding that Adam Maiorino, Jr., committed the family offense of disorderly conduct; as so modified, the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the order of protection is affirmed, without costs or disbursements.
“A family offense must be established by a fair preponderance of the evidence” (Matter of Thomas v Thomas, 72 AD3d 834, 835 [2010]; see Family Ct Act § 832). “The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court” (Matter of Kanterakis v Kanterakis, 102 AD3d 784, 785 [2013] [internal quotation marks omitted]). “The Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record” (id.; see Matter of Cruz v Rodriguez, 96 AD3d 838 [2012]; Matter of Lamparillo v Lamparillo, 84 AD3d 1381 [2011]).
Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supports a finding that the appellant committed two family offenses of harassment in the second *718 degree (see Penal Law § 240.26 [1]; Matter of Scanziani v Hairston, 100 AD3d 1007, 1008 [2012]; Matter of Sperling v Sperling, 96 AD3d 1067 [2012]), as well as the family offenses of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00 [1]; Matter of Panico v Panico, 100 AD3d 907, 908 [2012]; Matter of Gray v Gray, 55 AD3d 909, 910 [2008]), and menacing in the third degree (see Penal Law § 120.15; Matter of Baginski v Rostkowski, 96 AD3d 1051 [2012]; Matter of Sinclair v Batista-Mall, 50 AD3d 1044 [2008]). However, there is insufficient evidence to establish that the appellant committed the family offense of disorderly conduct (see Penal Law § 240.20; Matter of Aruti v Aruti, 88 AD3d 700, 701 [2011]; Matter of Hasbrouck v Hasbrouck, 59 AD3d 621, 622 [2009]; Matter of Bartley v Bartley, 48 AD3d 678, 678-679 [2008]).
Under the circumstances of this case, we find no basis to disturb the order of protection (see Matter of Jackson v Idlett, 103 AD3d 723 [2013]). Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.