In a family offense proceeding pursuant to Family Court Act article 8, William Jeisy Cabeza appeals from an order of protection of the Family Court, Queens County (Jolly, J.), dated July 16, 2012, which, after a hearing, and upon a finding that he committed the family offense of disorderly conduct, directed him, inter alia, to stay away from William E. Cabeza, and to refrain from harassing William E. Cabeza.
Ordered that the order is affirmed, without costs or disbursements.
The appellant contends that the Family Court erred in credit *794 ing the testimony against him, so as to find that he committed the family offense of disorderly conduct and to grant an order of protection against him. “The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record” (Matter of Richardson v Richardson, 80 AD3d 32, 43-44 [2010]; see Matter of Winfield v Gammons, 105 AD3d 753 [2013]; Matter of Clarke-Golding v Golding, 101 AD3d 1117 [2012]). Here, the Family Court was presented with conflicting testimony as to whether the appellant committed the family offense at issue. The Family Court’s determination that the appellant had committed the family offense was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Winfield v Gammons, 105 AD3d 753 [2013]; Matter of Luke v Luke, 72 AD3d 689 [2010]).
The appellant’s remaining contentions are without merit.
Accordingly, we decline to disturb the Family Court’s determination. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.