■ In the Matter of CESAR ALFONSO SALDIVAR, Appellant, v NIKENS CABRERA, Respondent. (Proceeding No. 1.) In the Matter of NIKENS CABRERA, Respondent, v CESAR ALFONSO SALDIVAR, Appellant. (Proceeding No. 2.) [971 NYS2d 310]—

In two related family offense proceedings pursuant to Family Court Act article 8, Cesar Alfonso Saldivar appeals from (1) an order of the Family Court, Queens County (Lebwohl, J.), dated March 20, 2012, which, after a hearing, dismissed his petition, and (2) an order of protection of the same court dated March 30, 2012, which, after a hearing, and upon a finding that he committed the family offenses of disorderly conduct and harassment in the second degree, directed him, inter alia, to refrain from harassing Nikens Cabrera.

Ordered that the order and the order of protection are affirmed, without costs or disbursements.

Although the order of protection expired by its own terms on March 20, 2013, the appeal therefrom has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed the subject family offenses (*see Matter of Hohn v Guirand*, 97 AD3d 578 [2012]; *Matter of Scioscia v Scioscia*, 89 AD3d 739, 740 [2011]).

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Bazante v Bazante*, 107 AD3d 707 [2013]; *Matter of Salazar v Melendez*, 97

AD3d 754, 755 [2012]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Winfield v Gammons*, 105 AD3d 753 [2013]; *Matter of Jackson v Idlett*, 103 AD3d 723 [2013]; *Matter of Kanterakis v Kanterakis*, 102 AD3d 784, 785 [2013]). Contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed acts constituting the subject family offenses (*see* Family Ct Act § 812 [1]; Penal Law §§ 240.20 [1]; 240.26 [1]; *Matter of Cabeza v Cabeza*, 107 AD3d 793 [2013]; *Matter of McCauley v Galante*, 106 AD3d 1089 [2013]; *Matter of Kanterakis v Kanterakis*, 102 AD3d at 785; *Matter of Baginski v Rostkowski*, 96 AD3d 1051 [2012]; *Matter of Miriam M. v Warren M.*, 51 AD3d 581 [2008]).

Moreover, the Family Court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of the complainant, Nikens Cabrera (*see Matter of Amato v Amato*, 100 AD3d 988, 989 [2012]). We discern no basis to disturb the Family Court's determination to dismiss the appellant's family offense petition.

The appellant's remaining contention is not properly before this Court, as it raises an issue not determined by the orders appealed from (*see Matter of Padin v Padin*, 103 AD3d 729, 730 [2013]; *Matter of Joseph A. [Fausat O.]*, 78 AD3d 826, 827 [2010]; *Matter of Tishauna Patricia N. [Tee Tee Ann W.]*, 68 AD3d 1119, 1120 [2009]). Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.