■ In the Matter of RAISA HODIANTOV, Respondent, v YURIY ARONOV, Appellant. [973 NYS2d 703]—

In a family offense proceeding pursuant to Family Court Act article 8, Yuriy Aronov appeals from an order of protection of the Family Court, Queens County (Jolly, J.), dated July 24, 2012, which, after a fact-finding and dispositional hearing, and upon a related fact-finding order, made after the hearing, finding that he committed certain family offenses, directed him, inter alia, to stay away from the petitioner for a period up to and including July 24, 2014.

Ordered that upon the appeal from the order of protection, so much of the fact-finding order as found that Yuriy Aronov committed the family offense of disorderly conduct is vacated; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

"A family offense must be established by a fair preponderance of the evidence" (*Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]; *see* Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Kanterakis v Kanterakis*, 102 AD3d 784, 785 [2013] [internal quotation marks omitted]). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record" (*id.*; *see Matter of Cruz v Rodriguez*, 96 AD3d 838 [2012]; *Matter of Lamparillo v Lamparillo*, 84 AD3d 1381 [2011]).

Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; *Matter of Scanziani v Hairston*, 100 AD3d 1007, 1008 [2012]; *Matter of Sperling v Sperling*, 96 AD3d 1067 [2012]), as well as the family offense of menacing in the third degree (*see* Penal Law § 120.15; *Matter of Baginski v Rostkowski*, 96 AD3d 1051 [2012]; *Matter of Sinclair v Batista-Mall*, 50 AD3d 1044 [2008]). However, there was insufficient evidence that the appellant committed the family offense of disorderly conduct (*see* Penal Law § 240.20; *Cassie v Cassie*, 109 AD3d 337 [2013]; *Matter of Aruti v Aruti*, 88 AD3d 700, 701 [2011]; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621, 622 [2009]; *Matter of Bartley v Bartley*, 48 AD3d 678, 678-679 [2008]).

Although we have concluded that the finding that the appellant committed the family offense of disorderly conduct must be vacated, nevertheless, under all of the circumstances of this case, we find no basis to disturb the order of protection (*see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]; *Matter of Jackson v Idlett*, 103 AD3d 723 [2013]). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.