In a family offense proceeding pursuant to Family Court Act article 8, Jennifer Messana appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated December 4, 2012, which, after a fact-finding hearing, and upon a finding that she committed the family offense of harassment in the second degree, directed her, inter alia, to refrain from harassing Michael Messana for a period of two years.
Ordered that the order of protection is affirmed, without costs or disbursements.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Saldivar v *861 Cabrera, 109 AD3d 831 [2013]; Matter of Parameswar v Parameswar, 109 AD3d 473, 474 [2013]; Matter of Bazante v Bazante, 107 AD3d 707 [2013]; Matter of Salazar v Melendez, 97 AD3d 754, 755 [2012]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Winfield v Gammons, 105 AD3d 753, 754 [2013]; Matter of Jackson v Idlett, 103 AD3d 723 [2013]; Matter of Kanterakis v Kanterakis, 102 AD3d 784, 785 [2013]).
Here, contrary to the appellant’s contention, a fair preponderance of the credible evidence supports the Family Court’s determination that she committed acts constituting the family offense of harassment in the second degree, warranting the issuance of an order of protection (see Family Ct Act § 812 [1]; Penal Law § 240.26 [1]; Matter of Saldivar v Cabrera, 109 AD3d at 832; Matter of Parameswar v Parameswar, 109 AD3d at 474; Matter of Bazante v Bazante, 107 AD3d at 707-708). Contrary to the appellant’s contention, the intent to commit harassment in the second degree is properly inferred from her conduct and the surrounding circumstances (see People v Bueno, 18 NY3d 160, 169 [2011]; People v Smith, 79 NY2d 309, 315 [1992]; People v Bracey, 41 NY2d 296, 301 [1977]; People v Mollaie, 81 AD3d 1448, 1449 [2011]; Lynn v State of New York, 33 AD3d 673, 674 [2006]; Matter of Reiss v Reiss, 221 AD2d 280 [1995]; cf. People v Caulkins, 82 AD3d 1506, 1507 [2011]).
Rivera, J.E, Balkin, Hinds-Radix and Maltese, JJ., concur.