In a family offense proceeding pursuant to Family Court Act article 8, Dominick F. Manco appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Posner, J.), dated June 11, 2013, which, after fact-finding and dispositional hearings, found that he committed the family offense of harassment in the second degree and, inter alla, directed him to comply with the conditions set forth in an order *858 of protection of the same court dated June 11, 2013, directed him to complete a batterer’s education program, and placed him under the supervision of the Dutchess County Probation Department for a period of one year.
Ordered that the order of fact-finding and disposition is affirmed, with costs.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Kanterakis v Kanterakis, 102 AD3d 784, 785 [2013]; Matter of Pearlman v Pearlman, 78 AD3d 711 [2010]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Hodiantov v Aronov, 110 AD3d 881, 882 [2013]; Matter of Pearlman v Pearlman, 78 AD3d at 712). The Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (see Matter of Hodiantov v Aronov, 110 AD3d at 882; Matter of Kanterakis v Kanterakis, 102 AD3d at 785; Matter of Salazar v Melendez, 97 AD3d 754 [2012]). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26 [3]; Matter of Bazante v Bazante, 107 AD3d 707 [2013]; Matter of Jackson v Idlett, 103 AD3d 723 [2013]).
The record does not support the appellant’s contention that the court was biased against him or that it displayed an adversarial attitude toward him. Accordingly, the appellant’s contention that he was deprived of fair hearings on these grounds is without merit (see Matter of Richardson v Richardson, 80 AD3d 32, 44-45 [2010]; Matter of Murdock v Murdock, 183 AD2d 769, 769 [1992]). Rivera, J.P, Lott, Miller and Hinds-Radix, JJ., concur.