■ In the Matter of JUNE SON, Respondent, v MANNY RAMOS, Appellant. [984 NYS2d 612]—

In a family offense proceeding pursuant to Family Court Act article 8, Manny Ramos appeals from (1) an order of fact-finding and disposition of the Family Court, Suffolk County (Crecca, J.), dated March 22, 2013, which, after a hearing, found that he had committed the family offenses of harassment in the second degree and menacing in the second degree, and directed him to comply with an order of protection of the same court dated March 22, 2013, for a period not to exceed two years, and (2) the order of protection dated March 22, 2013, which, inter alia, directed him to stay away from June Son and their children until and including March 22, 2015.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, with costs.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of Alam v Alam*, 108 AD3d 665, 666 [2013]; *Matter of Kanterakis v Kanterakis*, 102 AD3d 784, 785 [2013]). On appellate review, that court's determination of witness credibility is entitled to great weight unless clearly unsupported by the record (*see Matter of Saldivar v Cabrera*, 109 AD3d 831, 832 [2013]; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]). In order to facilitate effective appellate review, however, the Family Court, which is the court best able to assess the credibility of the witnesses, "must state in its decision 'the facts it deems essential' to its determination" (*Matter of Jose L.I.*, 46 NY2d 1024, 1025 [1979], quoting CPLR 4213 [b]). Although the Family Court need not set forth evidentiary facts, "it must state ultimate facts: that is, those facts upon which the rights and liabilities of the parties depend" (*Matter of Jose L.I.*, 46 NY2d at 1025-1026).

Here, although the Family Court made certain credibility findings, it failed to state the facts that it deemed essential to its determination to grant the petition for an order of protection. Remittal is nevertheless unnecessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Panico v Panico*, 100 AD3d 907, 908 [2012]; *Matter of Sperling v Sperling*, 96 AD3d 1067, 1067 [2012]). Upon our review, we conclude that a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses of harassment in the second degree and menacing in the second degree (*see* Family Ct Act § 832; Penal Law §§ 240.26 [1]; 120.14 [1]).

Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in making its determination without conducting in camera interviews of the parties'

children (*see Matter of Asgedom v Asgedom*, 51 AD3d 787, 788 [2008]; *Matter of Cardarelli v Cardarelli*, 277 AD2d 225, 225-226 [2000]).

The appellant's remaining contention is without merit. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.