In the Matter of KENT JACOBS, on Behalf of DONOVAN JACOBS, Respondent, v SAMUEL JACOBS, SR., Appellant. [27 NYS3d 884]—

Appeals from (1) an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated April 23, 2015, and (2) an order of protection of that court, also dated April 23, 2015. The order, after a hearing, found that the appellant committed the family offense of harassment in the second degree. The order of protection directed the appellant, inter alia, to stay away from the petitioner until and including April 23, 2017.

Ordered that the order and the order of protection are affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the determination

that he committed a family offense is supported by a fair preponderance of the evidence (*see* Family Ct Act § 832). The evidence at the hearing established that the appellant engaged in a course of conduct, consisting of letters and phone calls, which alarmed the petitioner and served no legitimate purpose. These acts constituted harassment in the second degree, warranting the issuance of an order of protection (Penal Law § 240.26 [3]). The Family Court did not find credible the appellant's proffered reasons for his threatening letters. The court's findings regarding the credibility of witnesses are entitled to great weight on appeal (*see Matter of Pearlman v Pearlman*, 78 AD3d 711 [2010]; *Matter of Hall v Hall*, 45 AD3d 842 [2007]). Accordingly, as the court's determination is supported by the record, it should not be disturbed (*see Matter of Kanterakis v Kanterakis*, 102 AD3d 784 [2013]; *Matter of Salazar v Melendez*, 97 AD3d 754 [2012]).

The petitioner's contention that the order of protection should be amended to include his son is not properly before this Court. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.