■ In the Matter of JOELLE SAVAS, Respondent, v DANIEL JOSEPH BRUEN, Appellant. [31 NYS3d 149]—

Appeal from an order of protection of the Supreme Court, Rockland County (IDV part) (Victor J. Alfieri, Jr., J.), dated December 17, 2014. The order of protection, upon a decision of that court dated December 1, 2014, made after a hearing, finding that the appellant committed the family offense of harassment in the second degree and violated a temporary order of protection, directed the appellant, inter alia, to participate in a batterer's education program and pay the costs thereof and to pay $7,500 in attorney's fees to the attorney for the petitioner in monthly installments of $312.50.

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8, alleging that the appellant committed harassment in the first or second degrees during an alleged altercation that occurred on January 13, 2013. On January 17, 2013, a temporary order of protection was issued in favor of the petitioner and against the appellant, requiring the appellant, inter alia, to stay away from her and refrain from harassing her. The petitioner subsequently filed a petition alleging that the appellant violated the temporary order of protection by following her in his car on February 21, 2013. After a fact-finding hearing, the Supreme Court determined that the appellant had committed the family offense of harassment in the second degree, and violated the temporary order of protection. After a dispositional hearing, the Supreme Court issued an order of protection in favor of the petitioner. The order of protection, among other things, directed the appellant to stay away from the petitioner, to participate in a 52-week batterer's education program and pay the costs thereof, and to pay $7,500 in attorney's fees to the attorney for the petitioner in monthly installments of $312.50.

Contrary to the appellant's contention, the Supreme Court properly determined that the petitioner established, by a preponderance of the evidence, that he committed the family offense of harassment in the second degree by pushing the petitioner to the ground on January 13, 2013 (see Penal Law § 240.26 [1]; Family Ct Act §§ 812 [1]; 832; Matter of Buskey v Buskey, 133 AD3d 655 [2015]). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Niyazova v Shimunov, 134 AD3d 1122 [2015]; Matter of Tulshi v Tulshi, 118 AD3d 716 [2014]; Matter of Miloslau v Miloslau, 112 AD3d 632 [2013]). Here, the court credited the petitioner's account of the events that occurred on the subject date, and that of her mother, over the appellant's account of the incident. There is no basis to disturb this credibility determination (see Matter of Kiani v Kiani, 134 AD3d 1036 [2015]; Matter of Amato v Amato, 100 AD3d 988 [2012]).

The Supreme Court also properly determined that the petitioner established, by clear and convincing evidence, that the appellant willfully failed to obey the temporary order of protection when he followed her on February 21, 2013 (see

Family Ct Act §§ 846, 846-a; *Matter of Rubackin v Rubackin*, 62 AD3d 11, 21 [2009]). This determination was also heavily dependent on the court's credibility determinations, which are supported by the record (*see Matter of Kiani v Kiani*, 134 AD3d at 1036; *Matter of Amato v Amato*, 100 AD3d at 988).

The Supreme Court providently exercised its discretion in directing the appellant to participate in a batterer's education program and pay the costs thereof (*see* Family Ct Act §§ 841, 842 [g]; *Matter of Manco v Manco*, 116 AD3d 857, 858 [2014]; *Matter of Salazar v Melendez*, 97 AD3d 754 [2012]). Further, the court providently exercised its discretion in directing the appellant to pay $7,500 in attorney's fees to the attorney for the petitioner in monthly installments of $312.50 (*see* Family Ct Act §§ 841, 842 [f]; 846-a; *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]). The amount of reasonable fees was addressed at the dispositional hearing and the award was supported by the evidence (*see Matter of Birch v Sayegh*, 9 AD3d 514, 516-517 [2004]). The petitioner had the right to counsel of her own choosing, and the fact that her mother paid to retain private counsel on her behalf is not a basis to disturb the award (*see* Family Ct Act § 262 [a] [ii]; *Matter of Collier v Norman*, 69 AD3d 936 [2010]). Finally, the court sufficiently considered the appellant's indigent status by discounting the petitioner's request by 50% and giving the appellant two years to pay (*see Matter of Birch v Sayegh*, 9 AD3d at 517). Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.