■ In the Matter of DONALD R. SMITH, Appellant, v KENNETH C. LUDEWIG, Respondent. [50 NYS3d 887]—Appeal by the petitioner from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated November 20, 2015. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, his brother-in-law, alleging that the respondent committed the family offenses of attempted assault, assault in the second or third degree, harassment in the first or second degree, disorderly conduct, menacing in the second or third degree,

and reckless endangerment. After a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Saldivar v Cabrera*, 109 AD3d 831, 831 [2013]; *Matter of Bazante v Bazante*, 107 AD3d 707, 707 [2013]; *Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2012]; *Matter of Vankeuren v Craft*, 39 AD3d 763 [2007]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Saldivar v Cabrera*, 109 AD3d at 832; *see Matter of Winfield v Gammons*, 105 AD3d 753 [2013]; *Matter of Jackson v Idlett*, 103 AD3d 723 [2013]; *Matter of Kanterakis v Kanterakis*, 102 AD3d 784, 785 [2013]).

In light of the parties' sharply conflicting accounts of the events at issue, and giving deference to the Family Court's assessment of credibility, we perceive no basis upon which to disturb the court's determination that the petitioner failed to establish by a fair preponderance of credible evidence that the respondent committed any of the family offenses alleged in the petition. Rivera, J.P., Austin, Miller and Barros, JJ., concur.