this action seeking specific performance of the contract. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals.

To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law (see E & D Group, LLC v Vialet, 134 AD3d 981, 982-983 [2015]). Here, on its motion for summary judgment dismissing the complaint, the defendant vendor failed to meet its prima facie burden of establishing that the plaintiff was unable to prove one or more of the elements of its cause of action. The defendant failed to demonstrate the absence of triable issues of fact as to whether the plaintiff purchaser was ready, willing, and able to close (see Jericho Group Ltd. v Pioneer Mgt. & Realty, LLC, 48 AD3d 368 [2008]; Knopff v Johnson, 29 AD3d 741, 742 [2006]). The defendant also failed to eliminate triable issues of fact with respect to whether it was able to deliver marketable title pursuant to the terms of the parties' contract, and whether the plaintiff defaulted by refusing to close without the removal of title defects (see S.E.S. Importers v Pappalardo, 53 NY2d 455, 464-465 [1981]; cf. Kamerman v De La Vina, 290 AD2d 537 [2002]).

Accordingly, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint, and its motion was properly denied, regardless of the sufficiency of the opposing papers (see Iannucci v 70 Washington Partners, LLC, 51 AD3d 869, 872 [2008]). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.

■ M.B., Respondent, v L.T., Appellant. [58 NYS3d 491]—

Appeal by the father from an order of the Supreme Court, Richmond County (Barbara Irolla Panepinto, J.), dated April 22, 2016. The order, after a hearing, found that the father committed the family offense of harassment in the second degree and directed the issuance of an order of protection in favor of the mother.

Ordered that the order is affirmed, without costs or disbursements.

In her family offense petition pursuant to article 8 of the Family Court Act, the mother alleged that the father commit-

ted multiple acts of physical violence against her in the presence of the parties' older child, used emotionally abusive language directed at her, and had threatened to use video recordings against her in court. Thereafter, the Supreme Court consolidated the family offense proceeding with an action for a divorce and ancillary relief under Index No. 50196/12. After a hearing, the court found that the father had committed the family offense of harassment in the second degree.

A family offense must be established by a fair preponderance of the evidence (*Matter of Mayers v Thompson*, 145 AD3d 1010 [2016]). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Graham v Rawley*, 147 AD3d 1053 [2017]; *Matter of Charrat v Jeanty*, 146 AD3d 947 [2017]; *Matter of Nunez v Diaz*, 145 AD3d 786 [2016]; *Matter of Savas v Bruen*, 139 AD3d 737 [2016]). Here, there is no basis in the record to disturb the Supreme Court's credibility determinations. Contrary to the father's contention, the court properly considered his demeanor and behavior in the courtroom, including during the divorce proceeding, in assessing his credibility (*see Matter of Gilbert v Gilbert*, 128 AD3d 1286 [2015]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 726 [2014]; *Matter of Caraballo v Colon*, 9 AD3d 459 [2004]).

The mother established by a fair preponderance of the evidence that the father committed the family offense of harassment in the second degree in that, with intent to harass, annoy, or alarm her, he struck, shoved, kicked, or otherwise subjected her to physical contact (*see* Penal Law § 240.26 [1]; *Matter of Konstatine v Konstatine*, 107 AD3d 994 [2013]), and he engaged in a course of conduct that alarmed or seriously annoyed her and served no legitimate purpose (*see* Penal Law § 240.26 [3]; *Rosenstock v Rosenstock*, 149 AD3d 887 [2017]; *Matter of Zhuo Hong Zheng v Hsin Cheng*, 144 AD3d 1166 [2016]). Although the father alleges that the mother was the initial aggressor during one or more incidents, and that the injuries she sustained were caused by her own actions during arguments, the record does not show that the mother's actions were the cause of her injuries (*cf. Matter of Cavanaugh v Madden*, 298 AD2d 390 [2002]; *Matter of M.T. v E.T.*, 18 Misc 3d 418, 421 [Fam Ct, Nassau County 2007]). Furthermore, although the father's words alone do not constitute criminal conduct, in the context established by the evidence at trial, including his physical acts, they were not constitutionally

protected (*see Matter of Salazar v Melendez*, 97 AD3d 754 [2012]; *Matter of Corey v Corey*, 40 AD3d 1253 [2007]; *Matter of Ivan F.*, 233 AD2d 210 [1996]). The father's course of conduct toward the mother, which included throwing items at her, videotaping her while she was upset, and threatening to use the recordings in court, served no legitimate purpose, as there was no reason or justification for his actions and words other than to hound, frighten, intimidate, or threaten her (*see People v Stuart*, 100 NY2d 412, 428 [2003]; *Matter of Acevedo v Acevedo*, 145 AD3d 773 [2016]; *Matter of Frimer v Frimer*, 143 AD3d 895 [2016]; *Matter of Ovsanik v Ovsanik*, 89 AD3d 1451 [2011]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.

■ Jon M. Babinski, Appellant, v Jeanne M. Babinski, Respondent. [58 NYS3d 122]—

Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Fran Ricigliano, J.), dated May 5, 2015. The order, insofar as appealed from, denied the plaintiff's motion to amend a qualified domestic relations order and granted that branch of the defendant's cross motion which was for an award of counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon their divorce, the parties stipulated that the defendant would share in the plaintiff's New York City Fire Department pension. A qualified domestic relations order (hereinafter QDRO) was signed to that effect. The plaintiff sustained a line-of-duty injury and retired on accidental disability in 2014. Soon thereafter, the plaintiff moved to amend the QDRO to prevent the defendant from receiving any portion of his pension until the twentieth anniversary of service, that is, until 2019, on the ground that the defendant was not entitled to disability payments. The defendant opposed the motion and cross-moved, inter alia, for an award of counsel fees.

The order appealed from denied the plaintiff's motion to amend the QDRO and granted that branch of the defendant's cross motion which was for an award of counsel fees. The Supreme Court noted that "[b]oth the Stipulation and the QDRO prohibit the Ex-Wife from receipt of any portion of the pension as it relates to the disability. The Ex-Wife is not seeking a portion of the Ex-Husband's disability. In fact, she is not seeking anything other than what was agreed to in the Stipu-