Matter of Washington v Washington (2018 NY Slip Op 01075)





Matter of Washington v Washington


2018 NY Slip Op 01075


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-04311
 (Docket No. O-1247-17)

[*1]In the Matter of Tasheema N. Washington, respondent,
v
Dante D. Washington, appellant.


Mark Diamond, New York, NY, for appellant.
Tennille M. Tatum-Evans, New York, NY, for respondent.



DECISION & ORDER
Appeal from an order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated February 21, 2017. The order of protection, upon a finding that the appellant committed the family offense of harassment in the second degree, made after a fact-finding hearing, directed the appellant, among other things, to stay away from the petitioner until and including February 20, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner and the appellant were married in 2009. In January 2017, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, alleging, inter alia, that on two specific occasions, he engaged in threatening conduct and used abusive and intimidating language directed at her. The appellant denied the allegations. Following a fact-finding hearing, the Family Court found that the appellant committed the family offense of harassment in the second degree, and issued an order of protection directing the appellant, among other things, to stay away from the petitioner until and including February 20, 2018.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; M.B. v L.T., 152 AD3d 475, 476; Matter of Campbell v Campbell, 123 AD3d 1123, 1124; Matter of Maiorino v Maiorino, 107 AD3d 717, 717). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Pierre v Dal, 142 AD3d 1021, 1023; Matter of Maiorino v Maiorino, 107 AD3d at 717; Matter of Kanterakis v Kanterakis, 102 AD3d 784, 785). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (see Matter of Pierre v Dal, 142 AD3d at 1023; Matter of Maiorino v Maiorino, 107 AD3d at 717).
Contrary to the appellant's contentions, the petitioner established, by a fair preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26[1], [3]; Family Ct Act § 812[1]; Rosenstock v Rosenstock, 149 AD3d 887, 889; Matter of Sommella v Kimble, 150 AD3d 1018, 1019; Matter of Salazar v Melendez, 97 AD3d 754, 755; Matter of Dell'Isola v Dell'Isola, 19 AD3d 488, 489). The intent to [*2]commit harassment in the second degree is properly inferred from the appellant's threatening conduct and his abusive and intimidating language directed at the petitioner on December 20, 2016, and January 13, 2017, which frightened the petitioner and served no legitimate purpose (see M.B. v L.T., 152 AD3d at 476; Rosenstock v Rosenstock, 149 AD3d at 889; Matter of Polizzi v McCrea, 129 AD3d 733, 734; Matter of Messana v Messana, 115 AD3d 860, 861; Matter of Salazar v Melendez, 97 AD3d at 755). The Family Court's credibility determinations are supported by the record (see Matter of Molina v Hart, 143 AD3d 723, 724; Matter of Kiani v Kiani, 134 AD3d 1036, 1038). Accordingly, there is no basis to disturb the order of protection.
The appellant's remaining contentions are without merit.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court