Matter of Richardson v Brown (2019 NY Slip Op 04703)





Matter of Richardson v Brown


2019 NY Slip Op 04703


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-10613
 (Docket No. O-25355-16)

[*1]In the Matter of Adrienne Richardson, appellant,
v
Everly Brown, respondent.


David Laniado, Cedarhurst, NY, for appellant.
Joshua R. Katz, Kew Gardens, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Marilyn L. Zarrello, Ct. Atty. Ref.), dated August 13, 2018. The order, after a hearing, inter alia, in effect, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the petition which was based on an allegation that the respondent committed an act constituting the family offense of harassment in the second degree based on a text message sent by the respondent to the petitioner on October 23, 2016, and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, with costs to petitioner, and the matter is remitted to the Family Court, Queens County, for the entry of an appropriate order of protection.
The parties, who were married in 1999, reside on separate floors of the marital residence, along with their two minor children. The petitioner filed a family offense petition dated December 30, 2016, in the Family Court alleging that the respondent committed the family offenses of disorderly conduct and harassment in the second degree. After a hearing, the court determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense against the petitioner, and, in effect, denied the petition and dismissed the proceeding.
" In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition'" (Matter of Bah v Bah, 112 AD3d 921, 921-922, quoting Matter of Cassie v Cassie, 109 AD3d 337, 340 [internal quotation marks omitted]; see Matter of Johnson v Johnson, 146 AD3d 956, 956; Matter of Kiani v Kiani, 134 AD3d 1036, 1037; Matter of Hodiantov v Aronov, 110 AD3d 881, 882). " The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record'" (Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151, 1152, quoting M.B. v L.T., 152 AD3d 475, 476; see Matter of Messana v Messana, 115 AD3d 860, 861; Matter of Saldivar v Cabrera, 109 AD3d 831, 832).
Contrary to the Family Court's determination, the petitioner established by a fair preponderance of the evidence that the respondent committed the family offense of harassment in [*2]the second degree based on a text message sent by him to the petitioner on October 23, 2016. A person is guilty of harassment in the second degree when, "with intent to harass, annoy or alarm another person[,] he or she . . . subjects such person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26[1]). The intent element may be inferred from the surrounding circumstances (see Matter of Putnam v Jenney, 168 AD3d 1155, 1155; Matter of Washington v Washington, 158 AD3d 717, 718). Furthermore, "[a] single incident is legally sufficient to support a finding of harassment in the second degree" (Matter of Polizzi v McCrea, 129 AD3d 733, 734 [internal quotation marks omitted]). Here, the text message, which was indisputably sent by the respondent to the petitioner, contained a genuine threat of physical harm, and the evidence adduced at the hearing adequately demonstrated that it was reasonable for the petitioner to take the threat seriously since it was sent during a period of extreme marital discord. The respondent's intent to commit harassment in the second degree is properly inferred from the surrounding circumstances (see Penal Law § 240.26[1]; Matter of Mullings v Mullings, 168 AD3d 850, 851; Matter of Washington v Washington, 158 AD3d 717, 718; Matter of Salazar v Melendez, 97 AD3d 754, 755; People v Vega, 95 AD3d 773; cf. People v Dietze, 75 NY2d 47, 51; Paruchuri v Akil, 156 AD3d 712, 714). Accordingly, the court should have granted that branch of the petition which was based on the allegation that the respondent committed an act constituting the family offense of harassment in the second degree based on that text message.
Under the circumstances of this case, the issuance of an order of protection directing the respondent to refrain from harassment and threats against the petitioner is appropriate to advance the purpose of, among other reasons, ending the family disruption (see Family Ct Act §§ 812[2][b]; 842; see generally Matter of Doris M. v Yarenis P., 161 AD3d 502, 503; Matter of Shank v Shank, 155 AD3d 875, 877; Matter of Millie S. v Thomas S., 60 Misc 3d 493, 499-500 [Fam Ct, Kings County). Accordingly, we remit the matter to the Family Court, Queens County, for the entry of an appropriate order of protection.
The petitioner's remaining contentions are without merit
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court