Matter of Haymes v Slade (2019 NY Slip Op 07580)





Matter of Haymes v Slade


2019 NY Slip Op 07580


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-11385
 (Docket No. O-4621-17)

[*1]In the Matter of Brittany Marie Haymes, respondent,
v
Shayne Dion Slade, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Del Atwell, East Hampton, NY, for respondent.
Danielle M. Hinton, Hopewell Junction, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 19, 2018. The order, after a hearing, found that the father committed the family offenses of harassment in the second degree and stalking in the fourth degree, and directed the father to comply with the terms set forth in an order of protection, also dated September 19, 2018, for a period of one year.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In October 2017, the mother filed a family offense petition seeking an order of protection against the father. In an order of fact-finding and disposition dated September 19, 2018, after a hearing, the Family Court found that the father committed the family offenses of harassment in the second degree and stalking in the fourth degree, and directed the father to comply with the terms set forth in an order of protection, also dated September 19, 2018, for a period of one year. The father appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Estime v Civil, 168 AD3d 936, 937; Matter of McGregor v Ferguson, 167 AD3d 897, 897; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). " The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record'" (Matter of Korszun v Kwas, 169 AD3d 906, 907, quoting M.B. v L.T., 152 AD3d 475, 476; see Matter of Estime v Civil, 168 AD3d at 937).
Contrary to the father's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offenses of harassment in the second degree (Penal Law § 240.26) and stalking in the fourth degree (Penal Law § 120.45), [*2]warranting the issuance of an order of protection.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court