Matter of Gravagna v Gravagna (2020 NY Slip Op 04945)





Matter of Gravagna v Gravagna


2020 NY Slip Op 04945


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-02915
 (Index No. 53/16)

[*1]In the Matter of Antoinette Gravagna, respondent,
v
Joseph Gravagna, appellant.


Joseph Gravagna, Valley Cottage, NY, appellant pro se.
Ellen B. Holtzman, Nanuet, NY, for respondent.
Legal Aid Society of Rockland County, New City, NY (Nicole Genevieve DiGiacomo of counsel), attorney for the child Olivia G.
Jeffrey Schonbrun, New City, NY, attorney for the child Joseph G.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Supreme Court, Rockland County (IDV Part) (Sherri L. Eisenpress, J.), entered March 8, 2018. The order of protection, after a hearing, and upon a finding that the father committed the family offense of harassment in the second degree, directed him, inter alia, to stay away from the mother and the parties' children, except for court-ordered parental access, until and including October 29, 2019.
ORDERED that the order of protection is affirmed, with costs.
Although the order of protection expired by its own terms in October 2019, the appeal has not been rendered academic in light of the enduring consequences which may flow from the finding that the father committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 724).
In September 2016, the mother filed a family offense petition against the father in the Family Court, Rockland County, which was later transferred to the Integrated Domestic Violence Part of the Supreme Court, Rockland County, alleging, among other things, that the father had committed a family offense against her, including harassment in the second degree (Penal Law § 240.26). The mother sought an order of protection against the father on behalf of herself and the parties' two minor children. Following a fact-finding hearing, the court determined that the father committed the family offense of harassment in the second degree against the mother and directed him to stay away from the mother and the parties' children, except for court-ordered parental access, for a period of two years. The court thereafter issued an order of protection, inter alia, containing those terms, effective until and including October 29, 2019.
The determination of whether a family offense was committed is a factual issue to [*2]be resolved by the court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Maiorino v Maiorino, 107 AD3d 717, 717). The mother had the burden of proving that a family offense was committed by "a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832).
Here, contrary to the father's contention, a fair preponderance of the credible evidence adduced at the fact-finding hearing supports the Supreme Court's finding that the father committed the family offense of harassment in the second degree (see Penal Law § 240.26; Family Ct Act § 812[1]; Matter of Washington v Washington, 158 AD3d at 718).
The father's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.

2018-02915 DECISION & ORDER ON MOTION
In the Matter of Antoinette Gravagna, respondent,
v Joseph Gravagna, appellant.
(Index No. 53/16)

Motion by the respondent, inter alia, to strike stated portions of the appellant's brief and appendix on an appeal from an order of protection of the Supreme Court, Rockland County (IDV Part), entered March 8, 2018, on the ground that those portions of the brief and appendix contain or refer to matter dehors the record. By decision and order on motion of this Court dated September 19, 2019, that branch of the motion which was to strike stated portions of the appellant's brief and appendix was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief and appendix on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the appellant's brief and appendix are stricken and have not been considered in the determination of the appeal: (1) with respect to the appellant's brief (a) the 11th and 18th paragraphs on page 4; (b) the 66th paragraph on page 10; (c) the 67th paragraph, beginning on page 10 and continuing onto page 11, except for the first sentence; (d) the 68th paragraph, beginning on page 11 and continuing onto page 13, except for the first sentence and the last six sentences; and (e) the first paragraph on page 14, as well as the last sentence on that page; and (2) with respect to the appendix, pages 19 through 23; and that branch of the motion is otherwise denied.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court