■ In the Matter of KATHLEEN P. JORDAN, Respondent, v MICHAEL F. VERNI, Appellant. [30 NYS3d 841]—

Appeal from an order of protection of the Family Court, Queens County (Dennis Lebwohl, J.), dated January 23, 2015. The order of protection, upon a finding that the appellant committed the family offenses of harassment in the second degree and stalking in the fourth degree, made after a hearing, directed the appellant, among other things, to stay away from the petitioner until and including January 22, 2017.

Ordered that upon the appeal from the order of protection, so much of the finding as found that the appellant committed the family offense of stalking in the fourth degree is vacated; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Kiani v Kiani*, 134 AD3d 1036, 1037 [2015]; *Matter of Tulshi v Tulshi*, 118 AD3d 716, 716 [2014]; *Matter of Zina L. v Eldred L.*, 113 AD3d 852, 853 [2014]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Jackson v Idlett*, 103 AD3d 723, 723 [2013]; *see Matter of Tulshi*, 118 AD3d at 716; *Matter of Zina L. v Eldred L.*, 113 AD3d at 853).

Here, the testimony proffered at the fact-finding hearing established, by a fair preponderance of the evidence, that the appellant committed acts which constituted the family offense of harassment in the second degree (*see* Penal Law § 240.26 [3]; *Matter of Pochat v Pochat*, 125 AD3d 660, 661 [2015]; *Matter of Jackson v Idlett*, 103 AD3d at 723; *Matter of Gray v Gray*, 55 AD3d 909, 910 [2008]). However, there was insufficient evidence to establish, by a preponderance of the evidence, the necessary elements of the family offense of stalking in the fourth degree (*see* Penal Law § 120.45 [3]; *Matter of London v Blazer*, 2 AD3d 860, 861 [2003]) and, therefore, we exercise our factual review power to vacate this finding. Nevertheless, under the particular circumstances of this case, the duration of the order of protection should remain the same (*see e.g. Matter of Pochat v Pochat*, 125 AD3d 660 [2015]; *Matter of Jackson v Idlett*, 103 AD3d at 724).

The appellant's remaining contentions are without merit. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.