█ In the Matter of RASHMIE AUTAR, Appellant, v ZAMINA BIBI KARIM-SINGH, Respondent. [40 NYS3d 482]—

Appeal by the petitioner from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated July 16, 2015. The order, after a hearing, dismissed her family offense petition for lack of subject matter jurisdiction pursuant to Family Court Act § 812.

Ordered that the order is affirmed, without costs or disbursements.

On October 29, 2014, the petitioner filed a family offense petition against the respondent, seeking an order of protection. The petitioner alleged that she was related to the respondent by marriage, as the respondent was her husband's aunt. After a hearing, the Family Court dismissed the proceeding for lack of subject matter jurisdiction, finding that there was a lack of a relationship required by Family Court Act § 812 (1). We affirm.

"The Family Court is a court of limited jurisdiction constrained to exercise only those powers conferred upon it by the State Constitution or by statute" (*Matter of Richardson v Richardson*, 80 AD3d 32, 36 [2010]; *see Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; *Matter of Seye v Lamar*, 72 AD3d 975, 975-976 [2010]). Pursuant to Family Court Act § 812 (1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812 [1]). According to the statute, "members of the same family or household" shall mean "persons related by consanguinity or affinity" (Family Ct Act § 812 [1] [a]). The term "affinity" means "[t]he relation that one spouse has to the blood relatives of the other spouse; relationship by marriage" (Black's Law Dictionary [10th ed 2014]).

Here, the Family Court properly concluded that the petitioner and the respondent were not related by marriage at the time the family offense petition was filed. The petitioner admitted at the hearing that she married her husband (i.e., the respondent's nephew) on January 4, 2015, more than two months after she filed the instant family offense petition.

Contrary to the petitioner's contention, the Family Court did not violate her due process rights by failing to determine whether she entered into a solemnized religious marriage ceremony with the respondent's nephew prior to the filing of the petition, as the petitioner never indicated on the record that she participated in any such religious ceremony. Instead, when asked by the court why she indicated on her petition that

she was related to the respondent by marriage, the petitioner stated that, at the time, she was living with the respondent's nephew like they were married. This was insufficient to establish the requisite relationship pursuant to Family Court Act § 812 (1) (*see Matter of Potter v Bennett*, 40 AD2d 546 [1972]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.