Appeals by Danuta S. Siwiec from two orders of protection of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), both dated January 4, 2017, and an order of that court also dated January 4, 2017. The two orders of protection, after a hearing, upon findings that the appellant committed family offenses, directed the appellant, inter alia, to stay away from Danuta Siwiec and Eugeniusz Siwiec, respectively, through January 3, 2019. The order dismissed the appellant’s petition for an order of protection against Danuta Siwiec.
 

 Ordered that the orders of protection and the order are affirmed, without costs or disbursements.
 

 The appellant and Eugeniusz Siwiec (hereinafter Eugeniusz) are sister and brother. Danuta Siwiec (hereinafter Danuta) is Eugeniusz’s wife and the appellant’s sister-in-law. In December 2016, the appellant filed a petition seeking an order of protection against Danuta, claiming that Danuta had committed various family offenses against her. In January of 2016, Danuta and Eugeniusz each filed a petition seeking an order of protection against the appellant, claiming that she had committed various family offenses against them.
 

 After conducting a joint hearing on the petitions, the Family Court found that the appellant had committed the family offenses of harassment in the second degree and criminal mischief in the fourth degree against Danuta, and the family offense of harassment in the second degree against Eugeniusz, and that Danuta had not committed any family offenses against the appellant. The court then issued two orders of protection directing the appellant, inter alia, to stay away from Danuta and Eugeniusz, respectively, and an order dismissing the appellant’s petition for an order of protection against Danuta.
 

 In a family offense proceeding, the burden is on the petitioner to establish by a preponderance of the evidence the commission of the conduct alleged in the petition (see Family Ct Act § 832; Matter of Jordan v Verni, 139 AD3d 1067, 1068 [2016]; Matter of Zina L. v Eldred L., 113 AD3d 852, 852 [2014]). “ ‘The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record’ ” (Matter of Jordan v Verni, 139 AD3d at 1068, quoting Matter of Jackson v Idlett, 103 AD3d 723, 723 [2013]).
 

 Here, contrary to the appellant’s contention, the Family Court’s credibility determinations are supported by the record and should not be disturbed (see Matter of Jordan v Verni, 139 AD3d at 1068; Matter of Jackson v Idlett, 103 AD3d at 723). According due deference to those determinations, a fair preponderance of the evidence adduced at the fact-finding hearing supported the court’s findings that the appellant committed the family offenses of harassment in the second degree and criminal mischief in the fourth degree against Danuta (see Penal Law §§ 145.00 [1]; 240.26 [1], [3]) and harassment in the second degree against Eugeniusz (see Penal Law § 240.26 [3]). Moreover, the court properly found that there was insufficient evidence to establish that Danuta committed any family offenses against the appellant (see Matter of Zina L. v Eldred L., 113 AD3d at 852).
 

 Accordingly, the Family Court properly granted the petitions filed by Danuta and Eugeniusz, and denied the petition filed by the appellant.
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.