Matter of Rall v Phillips (2019 NY Slip Op 07912)





Matter of Rall v Phillips


2019 NY Slip Op 07912


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-12343
 (Docket No. O-1975-18)

[*1]In the Matter of Rebecca Rall, respondent,
v
Kirk Phillips, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.
Christine F. Stage, Warwick, NY, for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Kirk Phillips appeals from an order of protection of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 24, 2018. The order of protection, upon a finding that Kirk Phillips committed the family offense of harassment in the second degree, made after a fact-finding hearing, directed Kirk Phillips, inter alia, to stay away from the petitioner and the subject child for a period up to and including September 24, 2020.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In May 2018, the petitioner filed a family offense petition seeking an order of protection against the appellant for herself and her child, alleging that the appellant had committed, inter alia, the family offense of harassment in the second degree. After a fact-finding hearing, the Family Court found that the appellant had committed the family offense of harassment in the second degree. The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner and the child for a period of two years.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Siwiec v Siwiec, 154 AD3d 861, 862; Matter of Jordan v Verni, 139 AD3d 1067, 1068). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Jordan v Verni, 139 AD3d at 1068).
Contrary to the appellant's contentions, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offense of harassment in the second degree (see Penal Law § 240.26[3]; Matter of Siwiec v Siwiec, 154 AD3d at 861; Matter [*2]of Jordan v Verni, 139 AD3d at 1068).
Accordingly, there is no basis to disturb the order of protection (see Matter of Washington v Washington, 158 AD3d at 718-719).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court