Matter of Cole v Benjamin (2021 NY Slip Op 08230)





Matter of Cole v Benjamin


2021 NY Slip Op 08230


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2020-01524
 (Docket No. O-669-20)

[*1]In the Matter of Anthony Mario Cole, appellant,
v
Tamara Angela Benjamin, respondent.


Jan Murphy, Huntington, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated January 17, 2020. The order, without a hearing, dismissed his family offense petition for failure to state a cause of action.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the family offense petition.
The petitioner and the respondent have one child together. In 2020, the petitioner filed a family offense petition, alleging, inter alia, that the respondent had committed the family offense of harassment in the second degree. The Family Court dismissed the petition for failure to state a cause of action. The petitioner appeals.
A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense (see Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v Arnold, 119 AD3d 938, 939; see Matter of Brown-Winfield v Bailey, 143 AD3d at 708).
Contrary to the findings of the Family Court, liberally construing the allegations of the family offense petition and giving the petitioner the benefit of every possible favorable inference, the petition adequately alleged that the respondent committed the family offense of harassment in the second degree, in that, with intent to harass, annoy, or alarm the petitioner, the respondent engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed the petitioner and which served no legitimate purpose (see Family Court Act § 812[1]; Penal Law § 240.26[3]). Accordingly, the court erred in dismissing the petition on the ground that it failed to state a cause of action.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court