Matter of Johnson v Gihon (2023 NY Slip Op 01797)

Matter of Johnson v Gihon

2023 NY Slip Op 01797

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-09362
 (Docket No. O-8653-20)

[*1]In the Matter of Brieana Johnson, respondent,
v
Dwight Gihon, appellant.

Peter Wilner, Jamaica, NY, for appellant.
Chinyere U. Eze-Nliam, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Dwight Gihon appeals from an order of protection of the Family Court, Queens County (Daniel Lewis, J.), dated December 10, 2021. The order of protection, after a hearing, and upon a finding, in effect, that Dwight Gihon had committed a family offense, directed him, inter alia, to refrain from assaulting, stalking, or harassing the petitioner and the parties' child until and including December 8, 2023.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding, alleging that the appellant had committed various family offenses against her and/or the parties' child. After a hearing, the Family Court found, in effect, that the appellant had committed a family offense and issued an order of protection directing him, inter alia, to refrain from assaulting, stalking, or harassing the petitioner and the child until and including December 8, 2023.
In a family offense proceeding, the allegations of the petition must be supported by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of McClean v McClean, 212 AD3d 624, 625). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Creighton v Whitmore, 71 AD3d 1141, 1141; see Matter of Kaur v Singh, 73 AD3d 1178). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Rall v Phillips, 177 AD3d 641, 642; see Matter of Plissner v Louie, 194 AD3d 820, 821).
Here, a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses of disorderly conduct, harassment in the first and second degrees, aggravated harassment in the second degree, assault in the third degree, menacing in the third degree, reckless endangerment in the second degree, and stalking in the first and second degrees (see Family Ct Act §§ 812[1]; 832; Penal Law §§ 240.20, 240.25, 240.26, 240.30, 120.00, 120.15, 120.20, 120.60, 120.55; Matter of Morley v Morley, 174 AD3d 533, 534; Matter of Deepti v Kaushik, 126 AD3d 790). Thus, the issuance of an order of protection against the appellant was warranted.
The appellant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court