Matter of Hogan v Max (2023 NY Slip Op 02126)

Matter of Hogan v Max

2023 NY Slip Op 02126

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07005
 (Docket No. O-2449-18)

[*1]In the Matter of Clayton J. Hogan, appellant,
v
Gavriella C. Max, respondent.

Linda C. Braunsberg, Staten Island, NY, for appellant.
Kyle Sosebee, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Queens County (Robert D. Mulroy, J.), dated August 24, 2020. The order, without a hearing, granted that branch of the mother's motion which was pursuant to CPLR 3211(a)(7) to dismiss the family offense petition for failure to state a cause of action, and dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of a child born in 2011. In January 2018, the father commenced this family offense proceeding against the mother seeking an order of protection in favor of him and the child. The mother moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the petition for failure to state a cause of action. By order dated August 24, 2020, the Family Court, without a hearing, granted that branch of the motion, and dismissed the petition. The petitioner appeals.
"A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Cole v Benjamin, 192 AD3d 889, 889; see Matter of Silverman v Leibowitz, 198 AD3d 903, 904). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v Arnold, 119 AD3d 938, 939; see Matter of Cole v Benjamin, 192 AD3d at 889).
Here, liberally construing the allegations of the family offense petition and giving the father the benefit of every possible favorable inference, the petition was conclusory and failed to allege conduct by the mother constituting a family offense (see Family Ct Act § 812; Matter of Riyad v Abdelmoumen, 211 AD3d 737, 737-738; Matter of Graham v Rawley, 148 AD3d 1018, 1018-1019). Accordingly, the Family Court properly dismissed the petition without a hearing.
Additionally, the petitioner was not deprived of the right to counsel. Throughout the instant proceeding and a related custody proceeding, the petitioner had been represented by five different attorneys, including four assigned by the Family Court. Further, based upon our review of [*2]the record, the court conducted a sufficiently searching inquiry to ensure that the petitioner's waiver of his right to counsel and his election to represent himself, with the assistance of a legal advisor, was knowingly, voluntarily, and intelligently made (see Matter of Graham v Rawley, 140 AD3d 765, 767).
We have not considered a January 14, 2021 stipulation, as this stipulation is de hors the record.
The petitioner's remaining contention is unpreserved for appellate review.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court