Matter of Bodunrin v Bodunrin (2023 NY Slip Op 05728)

Matter of Bodunrin v Bodunrin

2023 NY Slip Op 05728

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-03081
 (Docket No. O-3970-22)

[*1]In the Matter of Titilope Bodunrin, appellant,
v
Monsuru Bodunrin, respondent.

New York Legal Assistance Group, New York, NY (Lisa Rivera and Amanda M. Beltz of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Marilyn J. Moriber, Ct. Atty. Ref.), dated March 21, 2022. The order dismissed, without a hearing, the petition for failure to state a cause of action.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.
The petitioner and the respondent are married and have two children together. In March 2022, the petitioner filed a family offense petition, alleging, inter alia, that the respondent had committed numerous family offenses included in Family Court Act § 812(1) against her. In an order dated March 21, 2022, the Family Court dismissed the petition for failure to state a cause of action. The petitioner appeals.
"'A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if prove[n], would establish that the respondent has committed a qualifying family offense'" (Matter of Hogan v Max, 215 AD3d 969, 969, quoting Matter of Cole v Benjamin, 192 AD3d 889, 889). "'In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference'" (Matter of Hogan v Max, 215 AD3d at 970, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939). "[A] court shall not . . . dismiss a petition[ ] solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition" (Family Ct Act § 812[1]).
Here, liberally construing the allegations of the petition and granting the petitioner the benefit of every possible favorable inference, the petition alleged conduct that constituted enumerated family offenses, including the family offenses of harassment in the first degree, harassment in the second degree, sexual misconduct, forcible touching, sexual abuse in the third degree, menacing in the third degree, criminal obstruction of breathing or blood circulation, assault in the third degree, and attempted assault (see id.; Penal Law §§ 110.00, 120.00, 120.15, 121.11, 130.20[1]; 130.52[1]; 130.55, 240.25, 240.26; Matter of Bashier v Adams, 217 AD3d 764, 764-765; Matter of Johnson v Gihon, 215 AD3d 679, 679; Matter of Zou v Ming Qiao Zhang, 169 AD3d 704, [*2]705). Moreover, passage of time is not a reason for dismissing a family offense petition at the pleading stage (see Family Ct Act § 812[1]).
Accordingly, the Family Court improperly dismissed the petition for failure to state a cause of action.
The petitioner's remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court