Matter of Kaye v Triantis (2024 NY Slip Op 01543)

Matter of Kaye v Triantis

2024 NY Slip Op 01543

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-08649
 (Docket No. O-3094-22)

[*1]In the Matter of Lana Kaye, appellant,
v
Harry Triantis, respondent.

Jan Murphy, Huntington, NY, for appellant.
Polly N. Passonneau, New York, NY, for respondent.

DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Lisa A. Cairo, J.), dated October 7, 2022. The order, without a hearing, in effect, granted the respondent's application to dismiss the petition for failure to state a cause of action, and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the respondent's application to dismiss the petition for failure to state a cause of action is denied, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition.
In April 2022, the petitioner commenced this family offense proceeding against her former husband (hereinafter the respondent), alleging that the respondent had committed multiple family offenses against her. In an order dated October 7, 2022, the Family Court, in effect, granted the respondent's application to dismiss the petition for failure to sate a cause of action, and dismissed the petition. The petitioner appeals.
"'A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if prove[n], would establish that the respondent has committed a qualifying family offense'" (Matter of Bodunrin v Bodunrin, 221 AD3d 811, 812, quoting Matter of Hogan v Max, 215 AD3d 969, 969 [internal quotation marks omitted]). "'In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference'" (Matter of Hogan v Max, 215 AD3d at 970, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939).
Here, liberally construing the allegations of the petition and granting the petitioner the benefit of every possible favorable inference, the petition alleged conduct that constituted an enumerated family offense, namely harassment in the second degree (see Penal Law § 240.26[3]).
Accordingly, the Family Court should not have dismissed the petition for failure to state a cause of action.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court