Matter of Y.M. v D.S. (2024 NY Slip Op 50596(U))

[*1]

Matter of Y.M. v D.S.

2024 NY Slip Op 50596(U)

Decided on May 17, 2024

Family Court, Kings County

Markoff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 17, 2024
Family Court, Kings County

In the Matter of an Article 8 Family Offense Proceeding Y.M., Petitioner,

against
D.S., Respondent.

File No. 306080

The petitioner Y.M. was represented by Michael Todd Mueller, Esq. of Mueller Law Firm, P.C. The respondent D.S. was represented by Dale Lionel Smith, Esq.

Robert A. Markoff, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of the respondent's motion, by order to show cause, for an order pursuant to CPLR 3211(a)(1) and (7) dismissing the petitioner's family offense petition and such other and further relief as the court deems just and proper:
Motion to Dismiss the Family Offense Petition Pursuant to CPLR 3211(1) and (7)
Affirmation of Counsel in Support of Motion to Dismiss the Family Offense Petition Pursuant to CPLR 3211(1) and (7)
Figure 1: Certification of Marriage Registration
Figure 2: Photographs
Affirmation of Y.M. in Opposition
Attorney Affirmation in Opposition
Exhibits A-H
I. Introduction
The Family Court's jurisdiction in family offense proceedings is limited to certain proscribed acts that occur between individuals in a qualifying relationship, i.e., "between [*2]spouses or former spouses, or between parent and child or between members of the same family or household" as those terms are defined in Family Court Act § 812(1). The principal issue raised on this motion is when that qualifying relationship must exist. For the reasons set forth herein, this Court holds that there must be a qualifying relationship between the parties both at the time when the family offense was allegedly committed, and at the time when the family offense petition was filed.
On July 10, 2022, the petitioner Y. M. filed a family offense petition against the respondent D. S. The petition alleges that the respondent is the petitioner's son-in-law, and that the respondent committed family offenses against the petitioner on three occasions: August 4, 2018; November 9, 2020, and April 13, 2022. The respondent married the petitioner's daughter N.B. on October 31, 2018, which is after he allegedly committed family offenses on August 4, 2018, but before he allegedly committed family offenses on November 9, 2020, and April 13, 2022. 
The respondent moves for an order: (1) pursuant to CPLR 3211(a)(2) dismissing for lack of subject matter jurisdiction the portion of the petition alleging that he committed family offenses on August 4, 2018; and (2) pursuant to CPLR 3211(a)(7) dismissing for failure to state a qualifying family offense the remaining portions of the petition alleging that he committed family offenses on November 9, 2020 and April 13, 2022. The petitioner opposes the motion in its entirety.[FN1]

II. Subject Matter Jurisdiction: Qualifying Relationship
In the first branch of his motion, the respondent contends that the Family Court lacks subject matter jurisdiction over the portion of the petition alleging that he committed family offenses on August 4, 2018, because, at that time, the parties were not "members of the same family or household" within the meaning of Family Court Act § 812(1). The respondent's argument presupposes that, as a predicate to the Family Court's exercise of subject matter jurisdiction, the parties must have been in a qualifying relationship as of the time the family offenses allegedly occurred, notwithstanding that the parties had a qualifying relationship as of the time the petition was filed. In support of his motion, the respondent attaches a copy of a Certification of Marriage Registration evincing that he married the petitioner's daughter, N. B., on October 31, 2018, over two months after the alleged family offenses occurred.
In opposition to this branch of the respondent's motion, the petitioner does not address the legal issue of when the qualifying relationship must exist. She argues, in effect, that when the family offenses were allegedly committed on August 4, 2018, she and the respondent were in an "intimate relationship" within the meaning of Family Court Act § 821(1)(e), and, therefore, contrary to the respondent's contention, there was a qualifying relationship. The petitioner's opposition papers presuppose that, even though her petition asserted a qualifying relationship through affinity, it is appropriate to now assert a different basis for a qualifying relationship, i.e., [*3]intimate relationship.[FN2]

"The Family Court is a court of limited jurisdiction constrained to exercise only those powers conferred upon it by the State Constitution or by statute" (Matter of Richardson v Richardson, 80 AD3d 32, 36 [2d Dept 2010]; see Matter of H.M. v E.T., 14 NY3d 521, 526 [2010]; Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Court Act § 812[1]; see Matter of Cambre v Kirton, 130 AD3d 926, 927 [2d Dept 2015]). The meaning of the phrase "members of the same family or household" is defined by Family Court Act § 812(1), and, as relevant to this motion, includes, among others, "persons related by consanguinity or affinity" (Family Court Act § 812[1][a]), and "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Court Act § 812[1][e]). "A relationship by affinity is based upon marriage and has to do with the relationship one spouse has to the blood or adopted relatives of the other spouse" (Matter of Anstey v Palmatier, 23 AD3d 780, 780 [3d Dept 2005]; see Matter of Autar v Karim-Singh, 144 AD3d 676 [2d Dept 2016]; Matter of Bibeau v Ackey, 56 AD3d 971 [3d Dept 2008]). Determination of whether the parties are or have been in an "intimate relationship" requires consideration of factors including "the nature and type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (see Family Court Act § 812[1][e]). 
To resolve the issue of when a qualifying relationship must exist as the predicate for subject matter jurisdiction in a family offense proceeding, the court must first look to the language of the relevant statutes themselves, giving effect to the plain meaning thereof (see Majewski v Broadalbin Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; see also Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 603-604 [2021]). "A statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine legislative intent" (McKinney's Cons. Laws of NY, Book 1, Statutes § 97; see Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at 603-604). Where possible, a court "should harmonize all parts of a statute with each other and give effect and meaning to the entire statute and every part and word thereof" (Friedman v Connecticut General Life Ins. Co., 9 NY3d 105, 115 [2007]; People v Mobil Oil Corp., 48 NY2d 192, 199 [1979]; see Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at 603-604; Colon v Martin, 35 NY3d 75, 78 [2020]; Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019]).
Family Court Act § 812(1), which is entitled "Jurisdiction," provides, in pertinent part, that "[t]he family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute [specified criminal offenses] . . . between spouses or former spouses, or between parent and child or between members of the same family or household . . . " (Family Court Act § 812(1) [emphasis added]). Thus, the statute limits the [*4]family court's jurisdiction to specific "acts" that occur "between" people in the qualifying relationship, signifying that there must be a qualifying relationship between the parties when the acts constituting a family offense occurred. Indeed, the term "family offense" itself implies that the offense involves "family," i.e., persons in the qualifying relationship. 
Family Court Act § 821, which sets forth the procedure for originating a family offense proceeding, requires the petition to allege, inter alia, that the respondent committed specified acts against a person with whom he or she has a qualifying relationship (see Family Court Act § 821[1][a]). Consistent with Family Court Act § 812, Family Court Act § 821(1)(a) connects the acts that are the subject of the proceeding to the relationship of the parties, and, thereby, signifies that a qualifying relationship must be in existence when the offense was allegedly committed.
Family Court Act § 821(1)(b) provides that the family offense petition set forth "[t]he relationship of the alleged offender to the petitioner." By requiring the petitioner to set forth the qualifying relationship in the petition at the time of filing, Family Court Act § 821(1)(b) implies that the qualifying relationship must exist at the time of filing. 
Family Court Act § 822 delineates four categories of persons or entities that may commence a family offense proceeding: (1) "any person in the relation to the respondent of spouse, or former spouse, parent, child, or member of the same family or household"; (2) a "duly authorized agency, association, society or institution;" (3) "a peace officer," or (4) a "person on the court's own motion." Family Court Act § 822 makes clear that a person in a qualifying relationship with a respondent has standing to file a family offense petition. "The maxim expression unius est exclusio alterius applies in the construction of statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (Colon v Martin, 35 NY3d 75, 78 [2020][internal quotation marks omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 240; Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372-373 [2018]). Thus, persons or entities who do not fit within the categories of persons or entities described in Family Court § 822 lack standing to commence a family offense proceeding.
For example, in Matter of Autar v Karim-Singh (144 AD3d 676 [2d Dept 2016]), the Second Department held that a family offense petition, which had alleged a relationship through affinity, was properly dismissed for lack of subject matter jurisdiction on the ground that "the petitioner and the respondent were not related by marriage at the time the family offense petition was filed" (id., at 677 [emphasis added]). There, the petitioner married the respondent's nephew two months after she filed the family offense petition (id.).
As set forth above, there are provisions in the Family Court Act signifying that the qualifying relationship must have existed as of the time when the family offense was allegedly committed (Family Court Act §§ 812[1], 821[1][a]), and provisions signifying that the qualifying relationship must have existed as of the time when the family offense petition was filed (Family Court Act §§ 821[1][b], 822). Construing these provisions as a whole, and considering them together and with reference to each other, this Court finds that the petitioner must have had a qualifying relationship with respondent both as of the time the family offense petition was filed and as of the time an alleged family offense was committed. In no other way may these provisions be harmonized.
Here, it is undisputed that the petitioner was related to the respondent by affinity within the meaning of Family Court Act § 812 at the time the family offense petition was filed in July [*5]2022. However, the parties were not related by affinity at the time the respondent allegedly committed family offenses against the petitioner on August 4, 2022. The respondent and the petitioner's daughter married on October 31, 2018, over two months after the respondent allegedly committed the family offenses (see Matter of Autar v Karim-Singh, 144 AD3d at 676). Since there was not a qualifying relationship through affinity both when the family offense petition was filed and when the family offenses allegedly occurred, subject matter jurisdiction cannot be predicated solely upon a relationship through affinity.
In opposition to the motion to dismiss, the petitioner asserts, for the first time, that at the time the family offenses were committed on August 4, 2018, the parties were in an "intimate relationship" within the meaning of Family Court Act § 812(1)(e). In this regard, she submits her own affidavit in which she avers (1) that her daughter N. B. had been in a relationship with the respondent since 2014; (2) that since 2014, the petitioner and the respondent "regularly interacted as family members"; and (3) that at the time of the alleged family offense in August 2018, her daughter and the respondent had registered as domestic partners so that her daughter would receive insurance coverage through the respondent's medical plan.
Determination of whether the parties were in an "intimate relationship" requires consideration of factors including "the nature and type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Court Act § 812[1][e]). An intimate relationship may be found "regardless of whether such persons have lived together at any time," but does not include a "casual acquaintance" or "ordinary fraternization between two individuals in business or social contexts" (Family Court Act § 821[1][e]). "Generally, the 'relationship should be direct, not one based upon a connection with a third party', such as a child or a common boyfriend or girlfriend" (Winston v Edwards-Clarke, 127 AD3d 771 773 [2d Dept 2015], quoting Matter of Jose M. v Angel V., 99 AD3d 243, 247 [2d Dept 2012]). The "determination as to whether persons are or have been in an intimate relationship within the meaning of Family Court Act § 812 (1)(e) is 'a fact-specific determination'" (Winston v Edwards-Clarke, 127 AD3d at 773, quoting Matter of Jose M. v Angel V., 99 AD3d at 249]).
Here, even assuming that it is appropriate for the petitioner to now assert a different basis for a qualifying relationship than the one asserted in her petition, and assuming the truth of the petitioner's affirmation in opposition to the motion, the petitioner fails to allege facts which, if proven, would establish that the parties were in an "intimate relationship" within the meaning of Family Court Act § 812(1)(e) as of August 4, 2018. Indeed, the petitioner's allegations as set forth in her affirmation evince that as of August 4, 2018, the petitioner and the respondent had no direct relationship and were only connected through the petitioner's daughter who was not married to the respondent at that time (see Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333 [2d Dept 2022]; Matter of Christina R. v James Q., 185 AD3d 1240, 1241 [2d Dept 2020]; Matter of Cambre v Kirton, 130 AD3d 926, 927 [2d Dept 2015] [petition dismissed where parties had "no direct relationship" and "only connected through third party"]; Matter of Johnson v Carter, 122 AD3d 853, 854 [2d Dept 2014] [petition dismissed where parties had "no direct relationship" and were "only connected solely through the child"]; Matter of Seye v Lamar, 72 AD3d 975, 977 [2d Dept 2010]). The petitioner's conclusory assertion that the parties interacted as family members is insufficient given the absence of any averments regarding the nature and frequency of these interactions, and the duration of their direct relationship. Notably, there are no allegations that the parties ever had a sexual relationship, ever shared a residence, or shared any [*6]childcare responsibilities.
Accordingly, the branch of the respondent's motion seeking an order dismissing for lack of subject matter jurisdiction the portion of the petition alleging that the respondent committed family offenses on August 4, 2018, is GRANTED.
III. Failure to State a Qualifying Family Offense
In the second branch of his motion, the respondent contends that the portions of the petition alleging that he committed family offenses on November 9, 2020, and April 13, 2022, should be dismissed on the ground that those allegations are insufficient to state a qualifying family offense. "A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proved, would establish that the respondent has committed a qualifying family offense" (Matter of Cole v Benjamin, 192 AD3d 889, 889 [2d Dept 2021]; see Matter of Hogan v Max, 215 AD3d 969, 969, 970 [2d Dept 2023]). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v Arnold, 119 AD3d 938, 939 [2d Dept 2014]; see Matter of Hogan v Max, 215 AD3d at 970; Matter of Cole v Benjamin, 192 AD3d at 889). A court may consider an affidavit submitted by a petitioner to remedy any defects in the family offense petition, and upon considering such affidavit, the facts alleged therein must also be assumed to be true (see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 844 [2d Dept 2022]). "Nevertheless, 'conclusory allegations — claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Matter of Holterbosch v Barlow, 216 AD3d 783, 784 [2d Dept 2023], quoting Godfrey v Spano, 13 NY3d 358, 373 [2009]; see Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d 268, 278 [2016]).
A person commits harassment in the second degree when, "with intent to harass, annoy or alarm another person, [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person, and which serve no legitimate purpose" (Penal Law § 240.26[3]). The requisite intent may be inferred from the conduct itself or from the surrounding circumstances (see Matter of Cook v Berehowsky, 211 AD3d 727, 724 [2d Dept 2022]; Matter of Richardson v Brown, 173 AD3d 875, 877 [2d Dept 2019]; Lynn TT v Joseph O., 129 AD3d 1129, 1130 [3d Dept 2015]; Matter of Christina KK v Kathleen LL, 119 AD3d 1000, 1001 [3d Dept 2014]). "A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury" (Penal Law § 120.15). To support the family offense of menacing in the third degree, the statute requires a "'physical menace', i.e., a physical act which places the victim in fear of imminent serious injury" (Paruchuri v Akil, 156 AD3d 712, 714 [2d Dept 2017]; People v Nwogu, 22 Misc 3d 201, 204 [Crim Ct, Queens County 2008]; see Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048 [2d Dept 2020]. The "commission of a physical act, by itself, must be the source of placing a person in fear" (People v Woods, 54 Misc 3d 453, 456 [Crim Ct, Bronx County 2016]). Mere verbal threats or offensive comments cannot support a charge of menacing in the third degree (id.).
The second paragraph of section 3 of the petition alleges, inter alia, that on November 9, 2020, the respondent gained entry to the petitioner's home by misrepresenting to the petitioner's assistant that he was delivering flowers to the petitioner; that once inside the home, the respondent started screaming at the petitioner that she was disrespecting her daughter (he [*7]respondent's wife); that the petitioner asked the respondent to leave, but the respondent refused; that the petitioner attempted to leave the room, but that the respondent physically blocked her exit and stated that she cannot leave; that the petitioner's assistant then intervened; and that the respondent continued screaming at the petitioner for approximately 30 minutes before finally leaving the petitioner's home. The petitioner alleges that she felt threatened, alarmed, annoyed, intimidated, and terrorized by the respondent's conduct. The third paragraph of section 3 of the petition alleges that on April 13, 2022, at the petitioner's former work office in Brooklyn the respondent "lunged aggressively at [the petitioner]" and stated that the petitioner's daughter (respondent's wife) was the owner of that property, and the petitioner had no right to be there; that the respondent ripped a work permit off the door; and that the respondent called the police. Additionally, in opposition to the respondent's motion, the petitioner submits her own affirmation in which she asserts, inter alia, that, at all relevant times, she was the owner of the subject property in Brooklyn.
Liberally construing the petition, accepting the facts alleged in the petition and the petitioner's affirmation as true, and granting the petitioner the benefit of every favorable inference, the petition, as supplemented by the petitioner's affirmation, sufficiently states qualifying family offenses including, inter alia, harassment in the second degree (Penal Law § 240.26[3]), and menacing in the third degree (Penal Law § 120.15). Accordingly, the branches of the respondent's motion dismissing for failure to state a qualifying family offense the portions of the petition alleging that the respondent committed family offenses on November 9, 2020 and April 13, 2022 are DENIED. 
In sum, the branch of the respondent's motion seeking an order dismissing for lack of subject matter jurisdiction the portion of the petition alleging that the respondent committed family offenses on August 4, 2018, is GRANTED., and the remaining branches of the motion are DENIED. The parties remaining contentions either need not be reached or are without merit.
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.
Dated: May 17, 2024
ENTER
Robert A. Markoff, J.F.C.

Footnotes

Footnote 1:The respondent filed the motion to dismiss on the first date of the scheduled fact-finding hearing. Initially, the petitioner objected to the motion as untimely, but abandoned that argument in her opposition papers. Even so, an objection to subject matter jurisdiction may be raised at any time (see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [2008]; Jose M. v Angel V., 99 AD3d 243, 246 [2d Dept 2012]), and there is no time restriction for a motion to dismiss under CPLR 3211(a)(7) (see David D. Siegal & Patrick M. Connors, New York Practice §§ 272, 577 [6th ed 2018]).

Footnote 2:The respondent did not submit reply papers, and therefore did not object to the petitioner's assertion of a different basis for a qualifying relationship for the first time in opposition to the motion to dismiss.