Matter of Rodriguez v Rodriguez

2026 NY Slip Op 02841

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Estephani Rodriguez, respondent,

v

Joshua Rodriguez, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2025-03974, 2025-03976, (Docket No. O-9274-23)

Cheryl E. Chambers, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Richard Cardinale, Brooklyn, NY, for appellant.

Tammi D. Pere, Jamaica, NY, for respondent.

Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Denise M. Valme-Lundy, Ct. Atty. Ref.), dated February 10, 2025, and (2) an order of protection of the same court also dated February 10, 2025. The order of fact-finding and disposition, after a hearing, found that the father committed the family offenses of harassment in the second degree and stalking in the fourth degree and directed him to comply with the terms set forth in the order of protection. The order of protection, inter alia, directed the father to stay away from and refrain from communicating with the parties' child, subject to future orders of custody and parental access, until and including February 9, 2027.

ORDERED that the order of fact-finding and disposition is modified, on the law and the facts, by deleting the provision thereof finding that the father committed the family offense of stalking in the fourth degree; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,

ORDERED that the order of protection is affirmed, without costs or disbursements.

The mother commenced this proceeding pursuant to Family Court Act article 8 against the father, alleging that he had committed family offenses against their child. In an order of fact-finding and disposition dated February 10, 2025, after a hearing, the Family Court found that the father committed the family offenses of harassment in the second degree and stalking in the fourth degree and directed the father to comply with the terms set forth in an order of protection also dated February 10, 2025, for a period of two years. The father appeals.

"A family offense petition may be dismissed . . . where the petition fails to set forth factual allegations which, if proved, would establish that the respondent has committed a qualifying family offense" (Matter of Hogan v Max, 215 AD3d 969, 969 [internal quotation marks omitted]; see Matter of Cole v Benjamin, 192 AD3d 889, 889). "In determining whether a petition alleges an [*2]enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Kaye v Triantis, 225 AD3d 763, 763-764 [internal quotation marks omitted]; see Matter of Hogan v Max, 215 AD3d at 970). Here, liberally construing the allegations in the petition and granting the mother the benefit of every possible favorable inference, the petition alleged conduct that constituted the family offenses of harassment in the second degree and stalking in the fourth degree (see Penal Law §§ 120.45[1]; 240.26[3]).

"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Mohmed v Elkhauly, 245 AD3d 714, 715 [internal quotation marks omitted]; see Matter of Malcolm v Arnold, 238 AD3d 1042, 1043). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (Matter of Bykhovsky v Garanin, 245 AD3d 932, 933 [internal quotation marks omitted]; see Matter of Malcolm v Arnold, 238 AD3d at 1043).

Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the hearing supported a finding that the father committed the family offense of harassment in the second degree (see Family Ct Act § 812[1]; Penal Law § 240.26[3]; Matter of Washington v Washington, 158 AD3d 717, 718). However, there was insufficient evidence to establish, by a preponderance of the evidence, the necessary elements of the family offense of stalking in the fourth degree (see Penal Law § 120.45[1], [2]; Matter of Jordan v Verni, 139 AD3d 1067, 1068), and therefore, we exercise our factual review power to vacate the finding that the father committed this family offense. Nevertheless, under the circumstances of this case, the duration of the order of protection should remain the same (see Matter of Jordan v Verni, 139 AD3d at 1068).

CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court